**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHRISTOPHER ALEXANDER                                                    PLAINTIFF
ADC # 150853

v.                                              5:11-cv-00246-JLH-JJV

SUSAN POTTS, Jail Administrator,
Drew County Detention Center                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge

J. Leon Holmes. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Christopher Alexander, a pretrial detainee in the Drew County Jail, filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendant violated his constitutional rights.  After careful review of Mr. Alexander's Complaint, the Court finds that his Complaint should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

## I.      SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In reviewing a *pro se* complaint under

§ 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## II.    ANALYSIS

Mr. Alexander has sued Drew County Jail Administrator Susan Potts and seeks to hold her liable only in her official capacity. He states he became sick after jailers mixed up his medication and gave him another inmate's hydrocodone pain pill. The gist of Plaintiff's case is that Ms. Potts should not allow jailers to pass out prescribed medications. (Doc. No 2 at 1-2.)

Ms. Potts is an employee of Drew County and a suit against her in her official capacity is, in actuality, a suit against the county. *See Hafer v. Melo*, 502 U.S. 21 (1991); *Rynders v. Williams*, 650 F.3d 1188, 1195-96 (8th Cir. 2011); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010). "A county is liable under § 1983 if an action or policy itself violated federal law, or if the action or policy was lawful on its face but led an employee to violate a plaintiff's rights and was taken with deliberate indifference as to its known or obvious consequences." *Butler v. Fletcher*, 465

F.3d 340, 342 (8th Cir. 2006) (quoting *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 982 (8th Cir.

2006)).  Based on the facts alleged in his Complaint, Mr. Alexander fails make an official capacity

claim.  So Mr. Alexander's Complaint should be DISMISSED for failure to state a claim upon which

relief may be granted and, pursuant to 28 U.S.C. § 1915(g),[1] the dismissal should constitute a strike.

## III.   CONCLUSION

IT IS, THEREFORE ORDERED that:

1.      Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for
failure to state a claim upon which relief may be granted.

2.      Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning
of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma
pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment
would not be taken in good faith.

DATED this 9th day of December, 2011.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

4